Trent J. Waddoups - (Bar No. 7657)
CARR & WADDOUPS
 ATTORNEYS AT LAW, L.L.C.
8 East Broadway, Suite 609
Salt Lake City, Utah   84111

Telephone:  (801) 363-0888
Fax:  (801) 363-8512
Email:  trent@cw-law.net

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

## STATE OF UTAH -- CENTRAL DIVISION

| | |
|---|---|
| MICHAEL L. LABERTEW, attorney in fact for, and on behalf of, P.B., and as Co-Trustee of the P.B. LIVING TRUST,<br><br>    Plaintiffs,<br><br>vs.<br><br>WINRED, INC.<br><br>    Defendant. | **EX PARTE TEMPORARY RESTRAINING ORDER**<br><br>Civil No. 2:21-cv-00555-TC<br><br>Judge Tena Campbell |

THIS MATTER having come before the Court on the Verified Complaint, Verification of Michael L. Labertew, and the Plaintiffs' *Ex Parte* Motion for Temporary Restraining Order (ECF No. 3), and the court, having heard argument pursuant to Federal Rule of Civil Procedure 65(b)(1) during a Zoom hearing with Plaintiff's counsel of record at 12:00 p.m. on Friday,

September 24, 2021;

    THE COURT being fully advised in the premises and having considered the Motion and Certification of Counsel, Verification, and the Verified Complaint, the Motion is GRANTED. This Temporary Restraining Order is issued on September 24, 2021, at 12:20 p.m. Mountain Daylight Time.

    THE COURT HEREBY FINDS:

1. Specific facts in the Verified Complaint and the Verification of Michael L. Labertew clearly show that immediate and irreparable injury and damage will result to Peggy Bergmann's personal dignity, respect, independence and honor before the Defendant can be heard in opposition;

2. Prior notice, and an opportunity to be heard, is likely to result in further irreparable injury and damage to Peggy Bergmann's personal dignity, respect, independence and honor;

3. Plaintiffs have established:

    a. a substantial likelihood that they will ultimately prevail on the merits;

    b. a showing that the Plaintiffs will suffer irreparable injury unless the injunction issues;

    c. that the threatened injury to Peggy Bergmann outweighs whatever damage the proposed injunction (which is none) may cause to the Defendant; and

    d. that the injunction, if issued, would not be adverse to—but instead

    advances—the public interest in protecting vulnerable and elderly adults;

4. Plaintiffs have clearly and unequivocally demonstrated entitlement to the relief requested. See Greater Yellowsone Coal v. Flowers, 321 F.3d 1250, 1256 (10th Cir. 2003); and

5. Plaintiffs have established a "relationship between the injury claimed in [their] motion and the conduct asserted in the complaint." See Little v. Jones, 607 F.3d 1245, 1251 (10th Cir. 2010).

IT IS HEREBY ORDERED that Defendant Winred, Inc., and any of its agents, employees, and representatives, be and are hereby enjoined and prohibited from:

 A. Contacting or communicating with Peggy Bergmann in any fashion;

 B. Obtaining any money or property from Peggy Bergmann directly or indirectly through the Peggy Bergmann Living Trust;

 C. Taking funds from any bank, debit, or credit card account belonging to or held by Peggy Bergmann or the Peggy Bergmann Living Trust; or

 D. Transferring money or credit with—or utilizing in any other fashion—the bank account or credit card information of Peggy Bergmann or the Peggy Bergmann Living Trust, and which Plaintiffs previously provided to Defendant.

The court hereby schedules a hearing to be held on Friday, October 1, 2021, at 11:00 a.m. Mountain Daylight Time to address the matter with all parties. Counsel for Plaintiff is directed to

provide to counsel for Defendant Winred, Inc., a copy of this order and the court's notice of hearing that appears on the case docket.

Dated this 24th day of September, 2021.

                                                           */s/ Tena Campbell*
                                                          TENA CAMPBELL
                                                          United States District Court Judge