IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL L. LABERTEW, attorney in fact for, and on behalf of, P.B., and as Co-Trustee of the P.B. LIVING TRUST,<br><br>    Plaintiffs,<br>v.<br><br>WINRED, INC.,<br><br>    Defendant. | **TEMPORARY RESTRAINING ORDER**<br><br>Case No. 2:21-cv-00555-TC<br><br>District Judge Tena Campbell |

On October 8, 2021, the court heard oral argument about the propriety of extending its temporary restraining order (TRO) entered on September 24, 2021. In an order filed concurrently with this order, the court dissolved the first TRO. However, the court imposes a second TRO, which will last for fourteen days.[1] Specifically, the courts finds as follows:

1. Plaintiffs have established a substantial likelihood that they will ultimately prevail on the merits; a showing that the Plaintiffs will suffer irreparable injury unless the TRO issues; that the threatened injury to P.B. outweighs whatever damage the proposed TRO may cause to the Defendant; and that the TRO, if issued, would not be adverse to—but instead advances—the public interest in protecting vulnerable and elderly adults;

2. Plaintiffs have clearly and unequivocally demonstrated entitlement to the relief requested. See <u>Greater Yellowsone Coal. v. Flowers</u>, 321 F.3d 1250, 1256 (10th Cir. 2003); and

---

[1] After reviewing the briefs and hearing oral argument, the court declines to require Plaintiffs to post security. WinRed has not demonstrated that it will suffer undue costs or damages under this second TRO. See Fed. R. Civ. P. 65(c); <u>Winnebago Tribe v. Stovall</u>, 342 F.3d 1202, 1206 (10th Cir. 2003).

3. Plaintiffs have established a "relationship between the injury claimed in [their] motion and the conduct asserted in the complaint." See Little v. Jones, 607 F.3d 1245, 1251 (10th Cir. 2010).

Under this second TRO, Defendant Winred, Inc., and any of its agents, employees, and representatives, are hereby enjoined and prohibited from:

1. Knowingly contacting or communicating with P.B. in any fashion;

2. Knowingly obtaining any money or property from P.B. directly or indirectly through the P.B. Living Trust;

3. Knowingly taking funds from any bank, debit, or credit card account belonging to or held by P.B. or the P.B. Living Trust; or

4. Knowingly transferring money or credit with—or utilizing in any other fashion—the bank account or credit card information of P.B. or the P.B. Living Trust, and which Plaintiffs previously provided to Defendant.

DATED this 8th day of October, 2021.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge