Ryan B. Bell (#9956)
Robert P. Harrington (#12541)
**KUNZLER BEAN & ADAMSON, PC**
50 W. Broadway, 10th Floor
Salt Lake City, Utah 84101
Telephone: (801) 994-4646
rbell@kba.law
rharrington@kba.law

Dallin B. Holt (*admitted pro hac vice*)
**HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK PLLC**
15405 John Marshall Hwy
Haymarket, Virginia 20169
Telephone: (540) 341-8808
dholt@HoltzmanVogel.com

*Attorneys for Defendant WinRed, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MICHAEL L. LABERTEW, attorney-in-fact for, and on behalf of P.B., and as Co-Trustee of THE P.B. LIVING TRUST,<br><br>　　Plaintiffs,<br><br>v.<br><br>WINRED, INC.,<br><br>　　Defendant. | **DEFENDANT WINRED, INC.'S ANSWER TO COMPLAINT**<br><br>Case No. 2:21-CV-00555-TC<br><br>Judge Tena Campbell |

Defendant WinRed, Inc., by and through undersigned counsel, submits the following answer to the Complaint ("Complaint"), (ECF No. 2), filed by Plaintiffs Michael L. Labertew, as the attorney in fact for, and on behalf of P.B., and as Trustee of the P.B. Revocable Living Trust ("Plaintiffs").

WinRed, Inc. denies, generally and specifically, any and all allegations in the Complaint not specifically admitted to in the paragraphs below. WinRed, Inc. further states that its investigation of the present matter is ongoing. Accordingly, WinRed, Inc. reserves the right to amend this Answer. WinRed, Inc. denies any and all allegations contained in the headings and/or numbered paragraphs in the Complaint.

In response to the separately numbered paragraphs in the Complaint, WinRed, Inc. states as follows:

**PARTIES[1]**

1.  WinRed, Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, therefore those allegations are denied.

2.  WinRed, Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2, therefore those allegations are denied.

3.  WinRed, Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, therefore those allegations are denied.

4.  Admit that WinRed, Inc. is incorporated in Delaware and that its principal place of business is in Virginia. Deny the remaining allegations in Paragraph 4.

**JURISDICTION**

5.  The allegations in Paragraph 5 of the Complaint state conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

---

[1] Plaintiffs' headings are recreated herein for clarity and organization. The recreation of these headings does not constitute an admission nor are the headings material to which a response is required. To the extent a response is required to Plaintiff's headings, it is denied.

6. The allegations in Paragraph 6 of the Complaint state conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

## GENERAL ALLEGATIONS

7. WinRed, Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, therefore those allegations are denied.

8. WinRed, Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, therefore those allegations are denied.

9. WinRed, Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, therefore those allegations are denied. Furthermore, the allegations in Paragraph 9 of the Complaint state conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

10. WinRed, Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the allegations are denied.

11. WinRed, Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the allegations are denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. WinRed, Inc. admits that it received a cease-and-desist letter from Mr. Labertew that was dated June 21, 2021. WinRed, Inc. denies any further allegations contained in Paragraph 28.

29. WinRed, Inc. admits that it received a cease-and-desist letter from Mr. Labertew that was dated June 23, 2021. WinRed, Inc. denies any further allegations contained in Paragraph 29.

30. WinRed, Inc. admits that on or about July 16, 2021, it had cancelled the recurring contributions associated with Ms. B's name at that time and closed her account. WinRed, Inc. denies any further allegations contained in Paragraph 30.

31. Denied.

  32. Denied.

  33. Denied.

## FIRST CLAIM FOR RELIEF
### (Theft)

  34. This paragraph relates to a cause of action that was dismissed by the Court; therefore, no response is required. *See* (ECF No. 37 at 13-15).

  35. This paragraph relates to a cause of action that was dismissed by the Court; therefore, no response is required. *See* (ECF No. 37 at 13-15).

  36. This paragraph relates to a cause of action that was dismissed by the Court; therefore, no response is required. *See* (ECF No. 37 at 13-15).

  37. This paragraph relates to a cause of action that was dismissed by the Court; therefore, no response is required. *See* (ECF No. 37 at 13-15).

  38. This paragraph relates to a cause of action that was dismissed by the Court; therefore, no response is required. *See* (ECF No. 37 at 13-15).

  39. This paragraph relates to a cause of action that was dismissed by the Court; therefore, no response is required. *See* (ECF No. 37 at 13-15).

  40. This paragraph relates to a cause of action that was dismissed by the Court; therefore, no response is required. *See* (ECF No. 37 at 13-15).

  41. This paragraph relates to a cause of action that was dismissed by the Court; therefore, no response is required. *See* (ECF No. 37 at 13-15).

  WinRed, Inc. further denies that Plaintiffs are entitled to any relief pursuant to the First Claim for Relief.

## SECOND CLAIM FOR RELIEF
### (Conversion)

42. WinRed, Inc. incorporates all preceding responses as if fully set forth herein.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

WinRed, Inc. further denies that Plaintiffs are entitled to any relief pursuant to the Second Claim for Relief.

## THIRD CLAIM FOR RELIEF
### (Exploitation of a Vulnerable Adult)

47. WinRed, Inc. incorporates all preceding responses as if fully set forth herein.

48. Denied.

49. Denied.

50. Denied.

51. The allegations in Paragraph 51 of the Complaint state conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

52. Denied.

WinRed, Inc. further denies that Plaintiffs are entitled to any relief pursuant to the Third Claim for Relief.

## PRAYER FOR RELIEF

WinRed, Inc. denies that Plaintiffs are entitled to any relief whatsoever, including the relief requested in Paragraphs A through F of their Prayer for Relief.

### FIRST DEFENSE – Failure to State a Claim

The Complaint and each claim alleged therein fails to state a valid cause of action or claim for relief.

### SECOND DEFENSE – Comparative Negligence

Plaintiff is at least half or more liable for any harm that occurred and is therefore barred from relief.

### THIRD DEFENSE – Economic Loss Rule

While WinRed, Inc. disputes that the Economic Loss Rule is an affirmative defense, to the extent required, WinRed, Inc. asserts that Plaintiffs cannot seek damages as a result of any economic loss arising under the Terms of Use.

### FOURTH DEFENSE – Freedom of Speech and Association Under the First Amendment of the U.S. Constitution

To the extent any of the activities alleged in Plaintiffs' Complaint are protected by the First Amendment of the U.S. Constitution, there can be no liability.

### FIFTH DEFENSE – Lack of Standing

The alleged injuries are not traceable to WinRed, Inc. nor will the requested relief redress Plaintiffs for the alleged injuries.

### SIXTH DEFENSE – Laches, Unclean Hands, Acquiescence, or Ratification

Some or all of Plaintiffs' claims are barred by laches, unclean hands, acquiescence, and/or ratification.

### SEVENTH DEFENSE – Reasonable, Proper, and Good Faith Actions

Plaintiffs are barred from obtaining relief because Defendant's conduct was at all times reasonable, proper, and in good faith, and Defendants did not directly or indirectly undertake any violation of law.

### EIGHTH DEFENSE – Plaintiffs' Failure to Mitigate Damages

Some or all of Plaintiffs' claims are barred, in whole or in part, due to Plaintiffs' failure to mitigate its damages, if any.

### NINTH DEFENSE – Avoidable Consequences

Some or all of Plaintiffs' claims are barred by the doctrine of avoidable consequences.

### TENTH DEFENSE – Estoppel, Waiver, Accord and Satisfaction, and Justification

Some or all of Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel, waiver, accord and satisfaction, and justification.

### ELEVENTH DEFENSE – Statute of Limitations

Some or all of Plaintiffs' claims are barred by the statute of limitations.

### JURY DEMAND

WinRed, Inc. admits that Plaintiffs seek a jury trial but denies that Plaintiff is entitled to any relief.

DATED this 1st day of June, 2022.

                                       **KUNZLER BEAN & ADAMSON, PC**

                                       */s/ Robert P. Harrington*
                                       Ryan B. Bell
                                       Robert P. Harrington

                                     **HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK PLLC**
                                       Dallin B. Holt *(admitted pro hac vice)*

                                       *Attorneys for Defendant WinRed, Inc.*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 1st day of June, 2022, I caused a true and correct copy of the **DEFENDANT WINRED, INC.'S ANSWER TO COMPLAINT** to be submitted for electronic filing through the Court's CM/ECF system and accordingly served on the following:

> Trent J. Waddoups
> **CARR & WADDOUPS**
> 8 East Broadway
> Judge Building, Suite 609
> Salt Lake City, Utah 84111
> trent@cw-law.net
>
> *Attorney for Plaintiffs*

*/s/ Kiersten Slade*
Kiersten Slade
