UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| MICHAEL L. LABERTEW, attorney in fact for, and on behalf of, P.B., and as Co-Trustee of the P.B. Revocable Living Trust,<br><br>Plaintiff,<br><br>v.<br><br>WINRED, INC.,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING STIPULATED MOTION TO SEAL FILINGS (DOC. NO. 113) AND PERMITTING PLAINTIFF P.B. TO PROCEED UNDER INITIALS**<br><br>Case No. 2:21-cv-00555<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Daphne A. Oberg |

    Michael L. Labertew filed this action in 2021 as attorney-in-fact for P.B., an adult with advanced dementia.[1] The complaint identifies P.B. only by her initials,[2] and she has proceeded in this case under her initials rather than her full name without objection. The parties have now filed a stipulated motion to seal certain filings which contain P.B.'s full name, seeking to replace them with redacted versions in order to protect her identity.[3] Because this case involves matters of a highly sensitive and personal nature, and P.B. would be more susceptible to the injury litigated against if her identity were

---

[1] (*See* Compl. ¶ 2, Doc. No. 2.)

[2] (*See id.*)

[3] (Stip. Mot. to Seal Filings or to Allow Redacted Replacements ("Mot."), Doc. No. 113.)

disclosed, the motion to seal is granted and P.B. is permitted to proceed under her initials.

## LEGAL STANDARDS

"Courts have long recognized a common-law right of access to judicial records."[4] Indeed, the District of Utah's local rules provide that court records are "presumptively open to the public," and sealing of court records is "highly discouraged."[5] However, the right of public access is "not absolute."[6] "[T]he presumption in favor of access to judicial records may be overcome where countervailing interests heavily outweigh the public interests in access."[7] Under the local rules, a motion to seal must be "narrowly tailored to seek protection of only the specific information that the party alleges is truly deserving of protection."[8]

Under Rule 10 of the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all the parties."[9] Nevertheless, courts may permit parties to proceed anonymously in "exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be

---

[4] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)).

[5] DUCivR 5-3(a)(1).

[6] *Colony Ins. Co.*, 698 F.3d at 1241 (citation omitted).

[7] *Id.* (internal quotation marks omitted).

[8] DUCivR 5-3(b)(2)(A).

[9] Fed. R. Civ. P. 10(a); *see also* Fed. R. Civ. P. 17(a) (requiring an action to "be prosecuted in the name of the real party in interest").

incurred as a result of the disclosure of the [party's] identity."[10] In deciding whether to permit anonymity, courts exercise discretion in weighing these privacy interests against the public's interest in access to legal proceedings.[11]

## ANALYSIS

Where this case concerns matters of a highly sensitive and personal nature, P.B. would be more susceptible to the harm litigated against if her identity were disclosed, and the parties have agreed to protect her identity, the motion to seal is granted and P.B. is permitted to proceed under initials. The complaint alleges P.B. was repeatedly targeted and solicited for political fundraising and was induced to contribute substantial sums of money despite knowledge of her incapacitation.[12] The complaint and other filings contain sensitive details regarding P.B.'s physical and mental conditions and cognitive functioning.[13] As the parties note in their motion, disclosure of P.B.'s identity could render her more susceptible to additional injuries of the type litigated against in this case.[14] Further, public interest in P.B.'s identity appears limited, where the parties indicate they have reached a settlement and intend to file dismissal documents

---

[10] *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

[11] *See id.*

[12] (*See* Compl. ¶¶ 13, 16–19, 21–27, Doc. No. 2.)

[13] (*See, e.g.*, *id.* ¶¶ 7–8; Opp'n to Mot. to Stay and Compel Arbitration 3–4, Doc. No. 53.)

[14] (*See* Mot. 2, Doc. No. 113.)

promptly.[15]  Finally, because the parties have provided redacted versions of filings containing P.B.'s full name, public access to the substance of those documents is maintained.

Under these circumstances, the parties have demonstrated this is an exceptional case in which proceeding under initials is warranted.[16]  The public interest in access to judicial records is outweighed by the countervailing interest in protecting P.B.'s identity.

## CONCLUSION

The stipulated motion to seal[17] is granted.  P.B. is permitted to proceed under initials in this action, and filings containing her full name shall be sealed.  The clerk's office is directed to seal the filings at docket numbers 2-1, 2-2, 2-3, 5, 18-2, and 69-1.  Redacted versions of these documents have been filed at docket number 113-1.

DATED this 24th day of February, 2025.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[15] (*See* Resp. to Order to Show Cause, Doc. No. 114.)

[16] *See D.T. v. Armstrong*, No. 1:17-cv-00248, 2017 U.S. Dist. LEXIS 93190, at *3–5 (D. Idaho June 16, 2017) (unpublished) (permitting a developmentally-disabled adult and his parents to proceed under pseudonym, finding their right to privacy "outweigh[ed] the public interest[] in Plaintiffs' actual identity in this case").

[17] (Doc. No. 113.)